**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 1, 2006
Decided April 13, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-1051

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 03 CR 50067-1 |
| FRANK M. PANOZZO, *Defendant-Appellant*. | Philip G. Reinhard, *Judge*. |

**O R D E R**

Frank Panozzo pleaded guilty to three counts of stealing a firearm from a licensed dealer, 18 U.S.C. § 924(m). As part of his plea agreement Panozzo agreed to have his sentence determined using the Sentencing Guidelines as mandatory. The district court sentenced Panozzo to concurrent terms of 56 months' imprisonment on all three counts, the middle of the mandatory Guideline range. Despite his plea agreement Panozzo attacks his sentence under *United States v. Booker*, 543 U.S. 220 (2005). We affirm.

In 2004, a grand jury indicted Panozzo on three counts of stealing a firearm from a licensed dealer and three counts of being a felon in possession of a firearm. Panozzo pleaded guilty to the three theft charges pursuant to a written plea

agreement. At the time Panozzo entered into his plea agreement the Supreme Court had granted certiorari for review of this court's decision in *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004). Panozzo's attorney explained to him the potential ramifications of *Blakely v. Washington*, 542 U.S. 296 (2004), and in the plea agreement Panozzo acknowledged "that he may be entitled to have any disputed sentencing fact which could increase his sentence determined at a jury trial under a proof beyond a reasonable doubt standard." Nonetheless Panozzo agreed "[t]o have his sentence determined under the Sentencing Guidelines," and to have the district court determine his sentencing facts. At the change of plea hearing, the district court confirmed that Panozzo understood that he agreed to be sentenced under the Guidelines "as mandatory" and that the court would determine the sentencing factors. On appeal Panozzo does not challenge the district court's calculation of the Guideline range.

Panozzo argues in his opening brief that the district court impermissibly sentenced him using the mandatory Guidelines and asks for a full remand for resentencing, citing the Supreme Court's decision in *Booker*. After his opening brief was filed, we decided *United States v. Berheide*, 421 F.3d 538 (7th Cir. 2005), holding that a defendant is bound by the concessions made in his plea agreement and has waived any right to benefit from subsequent changes in the law. In his reply brief, Panozzo recognizes that *Berheide* appears to control his case but argues that *Berheide* was wrongly decided. In the alternative he argues that his case can be distinguished from *Berheide* because Panozzo retained the right to appeal an incorrect application of the mandatory Guidelines.

Panozzo contends that no one could have anticipated that the Guidelines would become advisory and therefore, contrary to the holding in *Berheide*, it was not possible for individuals to knowingly waive the right to be sentenced under an advisory Guidelines system. The risk of the unknowable is inherent in all contracts and a plea agreement is no different. *See United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005). Panozzo agreed in his plea agreement that the Guidelines would determine his sentence based on the district court's determination of the sentencing factors. Panozzo is bound by this promise and has waived the right to any benefit from subsequent changes in the law whether or not they could be foreseen. *See Berheide*, 421 F.3d at 542; *Bownes*, 405 F.3d at 636-37.

Panozzo attempts to distinguish between a constitutional *Booker* error and a statutory error in applying the Guidelines as mandatory. He argues that, even if he has waived his constitutional *Booker* claim, he has not waived his statutory right to be sentenced under an advisory Guideline system. But at the time Panozzo agreed to be sentenced under the Guidelines they were applied as mandatory, s*ee* 18 U.S.C. § 3553(b)(1), and the plain language of his plea agreement makes no distinction between constitutional and statutory errors. He agreed in the plea agreement that

he would "have his sentence determined under the Sentencing Guidelines" and he confirmed at the change of plea hearing that he understood the district court would use "the guidelines as mandatory by agreement of the lawyers."  His situation is not different than Berheide's or Bownes' simply because he preserved the right to appeal an incorrect application of the Guidelines.  He is not asking us to correct an error in calculating his Guideline range; he is asking us to allow him the benefit of *Booker*.  But Panozzo explicitly waived his right to that benefit.

Accordingly, we AFFIRM Panozzo's sentence.